IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EDDY S. HARRIS, SR.                                                                                              PLAINTIFF

v.                                          No. 4:11CV00231 JLH

CITY OF LITTLE ROCK, ARKANSAS                                                                    DEFENDANT

**OPINION AND ORDER**

Eddy S. Harris, Sr., filed a *pro se* complaint against the City of Little Rock, Arkansas, the Pulaski County Sheriff's Department, the Arkansas Department of Motor Vehicles, and Blue Hill Wrecker Services, Inc. Document #2. In an amended complaint, he added Isaac Cornetti, a/k/a "Dash Dangerfield," Slammer, and Steve Thomas, Public Defender, as defendants. Document #7. Subsequently, a number of the defendants moved to dismiss the complaint. Documents #9, #15, #24, #27. The City moved for partial dismissal. Document #32. Harris moved to file a second amended complaint. Document #31. The Court granted the motions to dismiss, including the City's motion for partial dismissal, but denied Harris's motion to file an amended complaint on the grounds that the proposed amendment would be futile. Document #37.

Presently, the City is the only remaining defendant. Harris's remaining claims are for alleged deprivations of his civil rights in violation of the Fourth Amendment, Fifth Amendment, Eighth Amendment, and "Common Law rights to personal freedoms."[1] The City has moved for summary judgment. Document #51. Because Harris failed to file a timely response, the Court

---

[1] The Court was unable to find any case law referencing "common law rights to personal freedoms." *But see Kneedler v. Lane*, 45 Pa. 238, 1863 WL 4874, at *19 (1863) (referencing suspension during war of militia member's "common law rights of personal freedom"). To the extent this claim is not coterminous with Harris's constitutional claims, it must be dismissed because a plaintiff cannot create a cause of action *ex nihilo* and Harris has not identified any authority recognizing this claim.

entered an order directing Harris to respond. Document #55. Harris has filed two documents entitled "Motion for Summary Judgement" and "Statement of Undisputed Material Facts." Documents #57, #58. The Court will construe these documents as responsive to the City's motion. For the following reasons, the motion for summary judgment is granted.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Harris's remaining claims arise out of three alleged traffic stops. On June 2, 2010, Harris was stopped by Little Rock police officers and charged with two traffic violations. He was subsequently found guilty of both charges by the Traffic Division of the Little Rock District Court. Document #51-2. Harris alleges that he was stopped on February 26, 2011, by Little Rock police officers and issued a citation for driving on a suspended license and a non-functioning tail light. Counsel for the City asserts that Harris never responded to discovery requests regarding this traffic stop and that the City has no record of this stop. Finally, Harris alleges that on March 3, 2011, officers stopped a vehicle being driven by his son, wherein Harris was a passenger, because one of the rear lights was out. Harris alleges that he was treated as if he had robbed a bank, that five police vehicles were present, that the officers made him keep his hands in the same position while the vehicle was searched, and that the officers took some property. Further, Harris alleges that he was

removed from the vehicle, bound, and placed in the back of a police vehicle.

The City offers the affidavit of Stuart Thomas, the Chief of the Little Rock Police Department ("LRPD"). Document #51-1. Thomas testified that he has worked for the LRPD since 1978 and has been Chief since 2005. Thomas testified that only the City Board of Directors and the Chief of Police can promulgate police policy. After laying out the various categories into which LRPD guidelines fall, Thomas testified that there is no policy or general order which requires or permits officers to unlawfully or unconstitutionally search or seize any person or thing. Thomas testified that he would never sanction, approve or adopt such a policy. He testified that all orders and guidelines are sanctioned by the Chief and adhere to state law, federal law, and case law as well as constitutional requirements. Specifically, official policy conforms to all laws and procedural requirements relating to traffic stops, searches, and seizures. Thomas testified that officers in the LRPD receive rigorous training and are subjected to a thorough background investigation. Thomas testified about the merits and nature of the training and noted that it greatly exceeds the requirement of 280 hours imposed by the State of Arkansas Commission on Law Enforcement Standards and Training. *Id.* Harris offers no evidence tending to contradict Thomas's affidavit.

Harris invokes 42 U.S.C. §§ 1983 and 1985.[2] It is well-settled that municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief[.] *Monell v. Dept. of Soc.*

---

[2] The first two subsections of section 1985, which pertain to conspiracies to interfere with an official's attempt to perform his duties and to obstruct justice, are irrelevant to the instant action. Subsection 1985(3), which grants a cause of action to a victim of a conspiracy to deprive persons of rights or privileges, only applies where there is "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971). Because Harris makes no allegations that he was a victim of a conspiracy arising from racial or other invidious discrimination, he cannot bring his constitutional claims through subsection 1985(3).

*Servs. of City of N.Y.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978). However, as the Eighth Circuit has explained,

> A governmental entity cannot be held vicariously liable for its agent's acts under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, a plaintiff must identify a governmental "policy or custom that caused the plaintiff's injury" to recover from a governmental entity under § 1983. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (citations and quotations omitted). A governmental policy "involves a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." *Doe v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990) (quotations and citations omitted). A governmental custom involves "a pattern of 'persistent and widespread' . . . practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Id.* at 646 (quoting *Monell*, 436 U.S. at 691, 98 S. Ct. 2018). "This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).

*Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007).

In the instant case, even if Harris's allegations about the first two traffic stops are true, nothing about the officers conduct in either case, as described by Harris, is unconstitutional. For example, Harris has not alleged that the officers used excessive force against him or stopped him on account of his race or for some other unjustifiable reason. In fact, Harris has even identified an appropriate justification for the second stop—one of his rear lights was not working.[3] Since Harris has failed to allege facts, *vis-a-vis* his first two stops, which would establish liability on the part of the individual officers for any substantive constitutional violation, no municipal liability pursuant to section 1983 can attach to the City.

Even assuming that Harris's allegations tend to establish a constitutional violation on the part

---

[3] Harris contends, without supporting authority, that Arkansas law only requires one rear light to be working. Harris is mistaken. *See* Ark. Code Ann. § 27-36-216.

of the officers with respect to the third stop—a questionable premise at best—Harris has failed to offer evidence tending to establish that any such violation was the result of an unconstitutional municipal policy or custom. Thomas testified that the LRPD has no official policy encouraging or permitting unconstitutional conduct on the part of officers. Rather, official policy explicitly prohibits such conduct, and officers receive extensive training to guarantee that they are familiar with official policy. Further, Thomas testified that there is no informal custom sanctioning unconstitutional conduct on the part of officers. Harris offers no evidence tending to undermine this testimony. In his complaint, Harris does allege that the stops were the result of a policy, practice, custom, or procedure on the part of the LRPD of failing to train and supervise police officers to avoid unlawful and unconstitutional arrests and of being deliberately indifferent to such unlawful arrests. However, Harris offers no evidence to substantiate this claim. Harris has not identified any specific official policy permitting officers to engage in unconstitutional conduct. Although Harris does allege that the LRPD has a policy of failing to sufficiently train officers, that allegation is contradicted by Thomas's unrebutted testimony regarding officer training.[4] Nor has Harris pointed to evidence tending to establish a pattern of persistent and widespread practices which have become so permanent and well settled as to have the effect and force of law. Even if Harris could prove that the third stop involved a constitutional violation, no reasonable jury could find that the City had a custom encouraging unconstitutional traffic stops and arrests. *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) ("A single incident normally does not suffice to prove the existence of

---

[4] Harris also alleges that the City does not properly supervise its officers. However, as stated above, a municipality may not be held vicariously liable pursuant to section 1983.

a municipal custom."). In light of Thomas's unrebutted testimony about the City's policies and customs, summary judgment in Little Rock's favor is warranted.[5]

## CONCLUSION

For the foregoing reasons, the City of Little Rock's motion for summary judgment is GRANTED. Document #51. Harris's claims are dismissed with prejudice. To the extent it can be construed as an independent motion, Harris's "Motion for Summary Judgement" is without merit and is DENIED. Document #57.

IT IS SO ORDERED this 23rd day of February, 2012.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[5] Harris's failure to offer evidence of a municipal policy or custom giving rise to alleged unconstitutional conduct by Little Rock police officers defeats not only his Fourth Amendment claim but also his Fifth and Eighth Amendments claims. Furthermore, Harris has failed to offer any explanation about how the officers allegedly violated his Fifth Amendment rights. The Court will not speculate about what Harris might have left out of his complaint that, if included, would state a claim for a violation of the Fifth Amendment. Similarly, it is doubtful whether any of Harris's allegations about the traffic stops implicate the Eighth Amendment, which protects against cruel and unusual punishment, excessive bail, and excessive fines.